IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RENA G. CHANEY,**

    **Plaintiff,**

v.                                                **CASE NO. 2:06-cv-00211**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security[1],**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the court on cross-briefs in support of judgment on the pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Rena Chaney (hereinafter referred to as "Claimant"), filed an application for DIB on October 2, 2003, alleging disability as of March 27, 1997, due to Type 2 Diabetes, vascular splasmatic coronary heart disease, heart attack, low back injury, depression, lower back and feet pain, hysterectomy, bladder

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted for Linda S. McMahon as the defendant in this action.

suspension/no lifting, and rectal wall repair. (Tr. at 57-60, 72-73.) The claim was denied initially and upon reconsideration. (Tr. at 33-37, 41-43.) On August 5, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 44.) The hearing was held on October 7, 2005, before the Honorable James D. Kemper, Jr. (Tr. at 367-97.) By decision dated January 26, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 19-25.) The ALJ's decision became the final decision of the Commissioner on March 7, 2006, when the Appeals Council denied Claimant's request for review. (Tr. at 7-9.) On March 23, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The

first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2006). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

3

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 20.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of vascular splasmatic coronary heart disease and heart attack in January 2001. (Tr. at 21.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21.) The ALJ then found that Claimant has a residual functional capacity for medium work. (Tr. at 22.) The ALJ concluded that Claimant could perform her past relevant work, but continued to the final step in the sequential analysis. (Tr. at 22.) The ALJ concluded that the Medical-Vocational Guidelines direct a finding of not disabled. (Tr. at 23.) On this basis, benefits were denied. (Tr. at 23.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

4

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was fifty years old at the time of the administrative hearing. (Tr. at 369.) Claimant graduated from high school. (Tr. at 369.) In the past, she worked as a secretary, deli worker, and warehouse clerk. (Tr. at 371-75.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will summarize it briefly below.

Claimant's insured status expired on December 31, 2000. Prior to the expiration of her insured status, Claimant underwent a total vaginal hysterectomy, posterior colpoperineorrhaphy, and sling retropubic urethropexy in March of 1997. (Tr. at 155.)

On August 13, 1999, Claimant reported to the emergency room

5

with complaints of chest pain. (Tr. at 180.) Claimant was prescribed Indocin and Lortab and directed to see her family doctor. (Tr. at 185.)

Just after her date last insured, on January 2, 2001, Claimant reported to the emergency room again with complaints of chest pain. She was diagnosed with a non-q wave myocardial infarction. (Tr. at 189-90.) Claimant underwent a left heart catheterization on January 4, 2001, which showed normal coronaries with normal ejection fraction. She was diagnosed with non-ST elevation myocardial infarction possibly caused by Prinzmetal's angina. Claimant was prescribed Cardizem and aspirin. Claimant was advised she should stop smoking. (Tr. at 193.)

On February 5, 2001, Claimant reported to the emergency room again complaining of chest pain. An electrocardiogram showed a sinus rhythm rate of 70, and Claimant's EKG was normal. (Tr. at 208.)

On January 1, 2004, Lisa Tate, M.A. examined Claimant at the request of the State disability determination service. Claimant reported depression over the past five to six years. (Tr. at 219.) On the WAIS-III, Claimant attained a verbal IQ score of 97, a performance IQ score of 92 and a full scale IQ score of 95. (Tr. at 221.) Ms. Tate diagnosed generalized anxiety disorder, depressive disorder not otherwise specified on Axis I and made no Axis II diagnosis. (Tr. at 222.)

6

On January 20, 2004, Stephen Nutter, M.D. examined Claimant at the request of the State disability determination service. He diagnosed chronic back pain, chronic lumbosacral strain without evidence of radiculopathy, arthralgia, degenerative arthritis, shortness of breath, reported history of asthma and chest pain. (Tr. at 229.)

A State agency medical source completed a Physical Residual Functional Capacity Assessment on February 5, 2004, and opined that Claimant could perform medium work. (Tr. at 234-41.)

A State agency medical source completed a Physical Residual Functional Capacity Assessment on May 13, 2004, and opined that Claimant could perform medium work. (Tr. at 242-49.)

On January 26, 2004, a State agency medical source completed a Psychiatric Review Technique form and opined that Claimant's mental impairments were not severe. (Tr. at 250-65.)

The record includes treatment notes from Lincoln Primary Care Center dated December 7, 1994, through April 12, 2005. (Tr. at 266-348, 355-59.) Prior to December 2000, there is brief mention of depression. (Tr. at 335, 337.) Claimant was diagnosed with Type 2 diabetes in February of 2002. (Tr. at 300.)

The record includes treatment notes from Gregory A. Elkins, M.D. dated July 27, 2005. (Tr. at 361-62.)

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred in rejecting Claimant's credibility; (2) the record clearly established that Claimant's heart condition was disabling; and (3) Claimant suffers from other severe impairments in addition to those found by the ALJ and in combination, they are disabling. (Pl.'s Br. at 3-7.)

The Commissioner argues that substantial evidence supports (1) the ALJ's finding that Claimant's heart pathology was her only severe impairment prior to her date last insured; (2) the ALJ's residual functional capacity finding that Claimant could perform medium work; and (3) the ALJ's finding that Claimant's subjective complaints were not entirely credible. (Def.'s Br. at 9-16.)

The court finds that the ALJ's determination that Claimant's vascular splasmatic coronary heart disease and heart attack, which occurred just after her insured status expired in December of 2000, were severe but not disabling is supported by substantial evidence. The great majority of evidence in this matter postdates the expiration of Claimant's insured status on December 30, 2000, and there is no indication that any conditions other than her heart impairment related back or were severe prior to this date. Contrary to Claimant's assertions, substantial evidence of record does not support a finding that Claimant's heart impairment was

disabling prior to December 30, 2000.

Nor did the ALJ err in failing to find other impairments severe prior to the expiration of Claimant's insured status on December 30, 2000. Claimant was treated for depression by her primary care provider, but Claimant never received ongoing mental health treatment. Claimant's Type 2 Diabetes developed after her insured status expired.

Claimant asserts that the ALJ erred in rejecting her credibility, but the court has reviewed the ALJ's pain and credibility analysis and finds it in keeping with the applicable regulations, case law and social security ruling ("SSR") and supported by substantial evidence. 20 C.F.R. § 404.1529(b) (2006); SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is AFFIRMED and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to provide copies of this Order to all counsel of record.

ENTER: March 19, 2007

                                               *Mary E. Stanley*
                                               Mary E. Stanley
                                               United States Magistrate Judge